Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012
Telephone: (301)444-4600
Facsimile: (301)576-6885
Email:  mac@mbvesq.com

*Attorneys for Frederick Scott Fischer*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK SCOTT FISCHER,<br><br>             Plaintiff,<br><br>      vs.<br><br>FULL SPECTRUM LASER LLC,<br><br>             Defendant. | Case No. 2:20-cv-339<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Comes now F. Scott Fischer ("Mr. Fischer" or the "Plaintiff"), by and through undersigned counsel, and as and for his complaint (the "Complaint") against Full Spectrum Laser LLC ("FSL" or the "Defendant") states as follows:

**Parties**

1.      Mr. Fischer is a natural person who is a citizen of the State of Nevada by virtue of his ongoing domicile therein.

2.      FSL is a Nevada limited liability company that, upon information and belief, is a citizen of both Nevada and California by virtue of its members being citizens of such states; the full membership – and corollary citizenry – of FSL is not known to Mr. Fischer but will be learned through discovery to the extent relevant to this case.



**Jurisdiction and Venue**

3. This Honorable Court enjoys jurisdiction over the instant controversy, pursuant to the allowances of Section 1331 of Title 28 of the United States Code, as Mr. Fischer alleges herein, *inter alia*, a violation of the Fair Labor Standards Act of 1938 as codified at Section 203, *et seq.* of Title 29 of the United States Code (the "FLSA").

4. This Honorable Court enjoys supplemental jurisdiction over the state and common law claims set forth herein, pursuant to the allowances of Section 1367(a) of Title 28 of the United States Code, as the first cause of action enumerated herein furnishes this Honorable Court with original jurisdiction as alleged *supra*.

5. Venue is properly laid in this Honorable Court, pursuant to the allowances of Section 1391 of Title 28 of the United States Code, as a substantial portion of the work for which Mr. Fischer was not compensated in accord with federal law occurred in the State of Nevada.

**General Allegations**

6. Commencing July 24, 2017, Mr. Fischer was employed by FSL to sell the Defendant's various products including, *inter alia*, differing varieties of laser engraving products.

7. As an employee of FSL, Mr. Fischer was partially compensated on a commission basis, paid in arrears following the collection of monies correlative to certain sales.

8. While employed at FSL, Mr. Fischer was regularly and habitually called upon to work in excess of forty (40) hours in a given calendar week, and did so without protest.

9. On myriad occasions during his employment with FSL, Mr. Fischer worked more than fifty (50) hours in a given calendar week, arriving at the Defendant's offices early in

the morning, not departing the Defendant's offices until late at night, and frequently appearing at the Defendant's offices on weekends or working remotely on weekends.

10. At no point did the Defendant ever compensate Mr. Fischer for his overtime work – at the rate of one and half times normal pay or otherwise.

11. As an employee of the Defendant, Mr. Fischer became adept at closing sales, and thusly became entitled to the payment of various commissions pursuant to the Defendant's compensation plan.

12. The Defendant, however, engaged a pattern and practice of creating legally invalid reasons to deny bonus payments to Mr. Fischer and other employees of FSL.

13. On one occasion, the Defendant retroactively endeavored to alter its bonus commission structure by changing the computation basis upon which commissions would be awarded, so as to deny Mr. Fischer monies he had fully earned and was due.

14. On at least two other occasions, the Defendant simply failed to pay Mr. Fischer commissions he had fully earned and was due to be paid.

15. The Defendant's pattern and practice of failing to pay commission to Mr. Fischer and others peaked in August 2019 when, after Mr. Fischer closed a number of high-dollar sales and thusly became entitled to an unusually large commission bonus, the Defendant elected to simply terminate Mr. Fischer and once again refuse to pay him the monies he had rightfully earned and was fully due.

**General Allegations: Collection of Individuals**

16. Other current and former employees of FSL has been denied the wages they have earned, have not been timely paid the wages they have earned, and have not been compensated for overtime hours in a manner that comports with governing law.

COMPLAINT AND DEMAND FOR TRIAL BY JURY - 3



17. While Mr. Fischer does not presently bring this case as a collective action, he is prepared to maintain this suit on behalf of himself and all others similarly situated, in conformity with the allowances of the FLSA, should discovery herein yield evidence of a numerosity of similarly situated parties sufficient to justify such an amendment to this Complaint.

**Count I: Violation of the Fair Labor Standards Act**

18. Mr. Fischer repeats and realleges each of the foregoing paragraphs of this Complaint as though fully set forth herein.

19. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(l).

20. The Defendant is subject to the overtime pay requirements of the FLSA because the Defendant is an enterprise engaged in commerce.

21. The gross annual volume of sales made by the Defendant, for each relevant year, has been not less than Five Hundred Thousand Dollars and No Cents ($500,000.00).

22. Pursuant to Section 207(a) of Title 29 of the United States Code, Mr. Fischer is entitled to be compensated "at a rate of not less than one and one-half times the regular rate at which he is employed" for all hours worked, in excess of forty (40) hours, in a given week.

23. The Defendant has violated the FLSA by not paying Mr. Fischer the overtime to which he is entitled under the foregoing allowance of the FLSA.

24. Mr. Fischer does not fall within any of the exemptions delineated in Section 213 of Title 29 of the United States Code.



WHEREFORE, Mr. Fischer respectfully prays this Honorable Court (i) enter judgment in his favor, and against the Defendant, for unpaid wages in a sum to be proven at trial; (ii) enter judgment in his favor, and against the Defendant, for statutory liquidated damages equal to unpaid wages in a sum to be proven at trial; (iii) enter judgment in his favor, and against the Defendant, for attorneys' fees and the costs of litigation, pursuant to the allowances of the FLSA; and (iv) afford such other and further relief as may be just and proper.

**Count II: Failure to Pay Wages in Contravention of NRS § 608.005, *et seq.***

25.     Mr. Fischer repeats and realleges each of the foregoing paragraphs of this Complaint as though fully set forth herein.

26.     On September 6, 2019 – a date more than five (5) days preceding the filing of this suit – Mr. Fischer, through counsel, made a demand upon the Defendant for payment of the commission wages he has earned but not been paid (the "Demand").

27.     Following making of the Demand, the Defendant has continued to fail to pay Mr. Fischer the wages to which he is legally due.

WHEREFORE, Mr. Fischer respectfully prays this Honorable Court (i) enter judgment in his favor, and against the Defendant, in a sum equal to his unpaid wages, to be proven at trial, in accord with the allowances of NRS § 608.140; (ii) enter judgment in favor of Mr. Fischer, and against the Defendant, for attorneys' fees and the costs of litigation, pursuant to the allowances of  NRS § 608.140; and (iii) afford such other and further relief as may be just and proper.

/

/

/



**Jury Demand**

Pursuant to, and in accordance with, the allowances of Federal Rule of Civil Procedure 38, Mr. Fischer prays a trial by jury on all matters so triable.

Dated: February 17, 2020.        Respectfully Submitted,

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Nevada Bar No. 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301) 444-4600
Facsimile: (301) 576-6885
mac@mbvesq.com

*Attorneys for Plaintiff F. Scott Fischer*