Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Telephone: (301) 444-4600
Facsimile: (301) 444-4600
Email: mac@mbvesq.com
*Attorneys for Frederick Scott Fischer*

FISHER PHILLIPS LLP
Lisa A. McClane, NSB # 10139
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89131
Telephone: (702) 862-3811
Email: lmcclane@jacksonlewis.com
*Attorneys for Defendant Full Spectrum Laser*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| FREDERICK SCOTT FISCHER,<br><br>Plaintiff,<br><br>v.<br><br>FULL SPECTRUM LASER LLC,<br><br>Defendant. | ) | Case No. 2:20-cv-339-APG-DJA<br><br>**PRETRIAL ORDER** |

After pretrial proceeding in this case,

IT IS ORDERED:

**I.**

This is an action for violation of Section 203, *et seq.* of Title 29 of the United States Code (the "FLSA") and failure to pay wages. Frederick Scott Fischer ("Mr. Fischer" or the "Plaintiff") contends he was not compensated for overtime at the lawful rate, and not paid certain bonuses





and commissions, while employed by Full Spectrum Laser LLC ("FSL" or "Defendant"). Mr. Fischer seeks damages of $93,508.93 plus payment of his attorneys' fees and suit costs. FSL denies liability.

**II.**
**JURISDICTION**

Jurisdiction is proper under Section 1331 of Title 28 of the United States Code, as the claim for relief under the FLSA presents a question of federal law.

**III.**

The following facts are admitted by the parties and require no proof:

a. Mr. Fischer commenced working for FSL, as a "Technical Sales Representative," on July 24, 2017.

b. FSL agreed to pay Mr. Fischer at the annual rate of $40,000.

c. While Mr. Fischer was employed with FSL, he never received less than $769.23 per week.

d. On August 12, 2019, Mr. Fischer's employment with FLS was terminated.

**IV.**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

None.

**V.**
**ISSUES**

The following are the issues of fact to be tried and determined at trial:





a. Whether or not Mr. Fischer worked more than forty (40) hours per week, during any one or more workweeks ("overtime hours"), while employed by FSL, and if so, how many overtime hours Fischer worked, when, and at what rate.

b. Whether or not Mr. Fischer was paid all bonuses he earned while working for FSL.

c. Whether certain sales made by Mr. Fischer in July and August 2019 became "Qualifying Revenue" as set forth in the Commission Agreement.

d. Whether Mr. Fischer completed all sales for which he seeks a commission.

e. Whether the orders for which Mr. Fischer seeks commission were shipped in full, and if so, when.

f. Whether the orders for which Mr. Fischer seeks commission were paid in full by the customer(s).

g. Whether the return period for all sales for which Mr. Fischer seeks commission expired, and if so, when.

h. Whether Fischer performed all "Required Duties" as listed in the Commission Agreement for the sales for which he is seeking commission.

i. Whether or not Mr. Fischer was paid all commissions he earned while working for FSL.

j. Whether or not FSL terminated Mr. Fischer so as to avoid payment of one or more commissions correlative to products scheduled for imminent shipping.





k. Whether FSL willfully withheld or failed to pay Mr. Fisher overtime, bonus, and/or commission(s).

l. FSL will contend the $40,000 annual payment was a nonrecoverable draw prorated over 52 weeks in a year.

m. Mr. Fischer will contend that during the course of his employment with FSL he was compensated for eight hours of overtime but not at the rate of time and a half.

n. Any issue of law set forth below which is more properly regarded as an issue of fact.

**VI.**

The following are the issues of law to be tried and determined at trial:

a. Whether or not Mr. Fischer is entitled to be paid a bonus or commission on a sale made prior to his termination if the goods were shipped following his termination.

b. Whether certain sales made by Mr. Fischer in July and August 2019 became "Qualifying Revenue" as set forth in the commission agreement(s).

c. Whether FSL was obligated to pay Mr. Fischer commissions or bonuses on certain sales he made in July and August 2019.

d. Whether Mr. Fischer was eligible for commissions after his employment with FSL ended.

e. Whether Mr. Fischer is entitled to double damages and/or attorney's fees.





f. Any issue of fact set forth above which is more properly regarded as an issue of law.

g. The instructions to be given to the jury.

**VII.**
**EXHIBITS**

(a) The following exhibits may be offered into evidence by the parties subject to the objections of any party and the court's rulings on admissibility (including decisions on any motion in limine), which shall be filed no later than 30 days before trial.

**Plaintiff's Exhibits**

| EXHIBIT | DESCRIPTION | BATES NO |
|---|---|---|
| 1 | Offer Letter | D-000001 – D-000003 |
| 2 | FSL Response to Mr. Fischer's Claim for Unemployment Compensation | D-000227 |
| 3 | FSL's Earning Statements dated 7/17/17 for Mr. Fischer | D-000066 – D-000223 |
| 4 | FSL's Employee Handbook | D-000004 – D-000047 |
| 5 | Full Spectrum Laser LLC Sales Commission Plan Dated July 22, 2016 | D-000057 – D-000065 |
| 6 | Full Spectrum Laser LLC Sales Commission Plan Dated March 1, 2019 | D-000048 – D-000056 |
| 7 | Sales Records Kept by Mr. Fischer | Fischer0082 – Fischer0091 |
| 8 | December 26, 2017Performance Evaluation for Mr. Fischer | D-000224 |
| 9 | July 10, 2018 Performance Evaluation for Mr. Fischer | D-000225 |





**Defendant's Exhibits**

Defendant reserves the right to use any of Plaintiff's exhibit(s) listed above in addition to:

| EXHIBIT | DESCRIPTION | BATES NO |
|---|---|---|
| A | Correspondence dated April 17, 2020 | D-000226 |
| B | Commission Reports for Scott Fischer | D-000228 – D-000326 |
| C | Sales Commission Plan Effective 3/1/2019 | Fischer0001 – Fischer0009 |
| D | Sales Commission Plan Effective 3/1/2019 | Fischer0064 – Fischer0072 |
| E | Offer Letter signed by Fischer | Fischer0058 – Fischer0059 |
| F | Separation Memo signed by Fischer | Fischer0063 |
| G | Plaintiff's Answers to Interrogatories and supplements thereto. | |
| H | Plaintiff's Responses to Defendant's First Set of Requests for Production of Documents | |
| I | The chart included on page 8 of Plaintiff's Motion for Summary Judgment | |
| J | Declaration of Frederick Scott Fischer dated December 23, 2021. | |
| K | The chart included on page 4 of Defendant's Opposition to Plaintiff's Motion for Summary Judgment | |
| L | Declaration of Henry Liu dated March 16, 2022 and all attachments thereto. | |
| ~~M~~ | ~~Any other document not specifically identified above which has been produced by any party in these proceedings~~ | |

(b) As to the preceding exhibits, the parties have reached the stipulations stated regarding the same: The parties will confer before trial and attempt to stipulate to the admission of as many exhibits as possible. The parties also reserve the right

to create large reproductions of any exhibits for use at trial including opening and closing statements.

(c) As to the preceding exhibits, the party against whom the same will be offered may object to their admission upon the grounds stated: Pending the stipulations contemplated by (b) above, the parties reserve their right to object to any exhibits as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence.

(d) Use and Objections to Depositions: The parties do not intent to introduce deposition testimony for any purposes other than impeachment; however, they reserve the right to use depositions, if it becomes necessary, to the extent permitted by Federal Rules of Civil Procedure 32(a)(1) and the Federal Rules of Evidence. The parties reserve all objections permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence.

(e) Electronic evidence: The parties do not anticipate using electronic evidence aside from using technological means to project exhibits at trial.

**VIII.**

The following witnesses may be called by the parties at trial:

a. Mr. Fischer intends to call the following witnesses:

i. Mr. Fischer

ii. Henry Liu

iii. Matthew Paczko

iv. Britain Rosenberg





v. Willard Sexton

b. FSL intends to call the following witnesses:

i. Mr. Fischer

ii. Henry Liu

iii. Dyanne Widman

iv. Michael Steadman

v. Spencer Miller, former Chief Financial Officer

vi. Wayne Smith, Controller

vii. Keith Clement, former Sales Manager

viii. Custodian(s) of any of the parties' records.

ix. Any person necessary to authenticate any of the possible exhibits listed.

x. Any witness listed by Plaintiff above and any rebuttal witness.

**IX.**

The attorneys have met and jointly offer these three trial dates:

a. The week beginning April 3, 2023;

b. The week beginning April 10, 2023; and

c. The week beginning April 17, 2023.

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

/ / /





**X.**

It is estimated that the trial will take a total of 3-5 days.

Approved as to form and content:

/s/ Maurice VerStandig
Maurice VerStandig, Esq.
Nevada Bar No.: 15346
THE VERSTANDIG LAW FIRM, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012
Telephone: (301) 444-4600
Email: mac@mbvesq.com
*Attorney for the Plaintiff*

/s/ Lisa A. McClane
Lisa A. McClane, Esq.
Nevada Bar No. 10139
FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, NV 89101
Telephone: (702) 252-3131
E-Mail: lmcclane@fisherphillips.com
*Attorney for Full Spectrum Laser LLC*

**X.**
**ACTION BY THE COURT**

(a) This case is set for jury trial on the stacked calendar on April 24, 2023 at 9:00 a.m. in Courtroom 6C.

(b) Calendar call will be held on April 18, 2023 at 9:00 a.m. in Courtroom 6C.

**(Please see LR16-4 dated April 17, 2020)**

(c) ~~An original and two (2) copies of each trial brief shall be submitted to the clerk on or before ______________.~~

~~(d) All motions in limine must be filed on or before ______________.~~

(e) ~~An original and two (2) copies of all instructions requested by the party shall be submitted to the clerk for filing on or before ______________.~~





~~(f) An original and two (2) copies of all suggested questions of the parties to be asked of the jury panel by the court on *voir dire* shall be submitted to the clerk for filing on or before ____________.~~

~~The foregoing pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.~~

Dated: October 25, 2022

________________________________
United States District Judge



VerStandig LAW FIRM